**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

MARK A. CAMPER,  )  No. CV-07-2251-PHX-GMS
)
Plaintiff, )  **ORDER**
)
vs. )
)
JOHN E. POTTER, Postmaster General, )
)
Defendant. )
)

Pending before the Court is the Motion to Dismiss of Defendant John E. Potter, Postmaster General. (Dkt. # 63.) For the following reasons, the Court grants the motion.[1]

## BACKGROUND

Plaintiff was a supervisor with the United States Postal Service ("USPS"), which is headed by Defendant. On April 26, 2006, Plaintiff filed an informal complaint of employment discrimination with an Equal Employment Opportunity Counselor, alleging that another USPS employee had failed to properly process some of Plaintiff's personnel applications. Plaintiff alleged that this discrimination was based on Plaintiff's race, age, and/or religion (Plaintiff describes himself as white, over the age of forty, and Baptist). The

---

[1] Plaintiff has requested oral argument. The Court denies that request, as oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

parties attended mediation, and on June 6, 2006, the parties entered into a settlement agreement. In the settlement, the parties agreed that Plaintiff's applications would be considered.

On July 1, 2006, Plaintiff initiated another informal complaint. In this second complaint, Plaintiff stated that the positions for which he had been applying were filled by others. This, he argued, violated the settlement agreement. On August 28, 2006, a USPS human resources manager issued a Letter of Determination, informing Plaintiff that the settlement agreement was void. The letter explained that Plaintiff was not eligible for the applied-for positions and that the person who signed the agreement on behalf of the USPS lacked the authority to do so. The letter further provided that Plaintiff's original informal complaint was being reinstated and that the process would be continued from the point at which it had ceased.

On September 8, 2006, the USPS sent Plaintiff his Notice of Final Interview/Notice of Right to File Individual Complaint. This notice apprised Plaintiff that his allegations could not be resolved at the informal stage and that he had fifteen days within which to file a formal complaint. The notice also informed Plaintiff that a formal complaint "must be filed by mail only with the [regional Complaints Processing] office" and that "[f]ormal EEO complaints received at the EEO Field Office will be returned to the complainant for proper submission to the [regional Complaints Processing] Office." (Dkt. # 80 Ex. 16 at 1.)

Plaintiff did not file any formal complaint with the regional Complaints Processing Office.[2] Plaintiff did eventually submit a formal complaint asserting that the USPS violated the settlement agreement, but this formal complaint was mailed on October 19, 2006, and Plaintiff sent it to the Field Office, not the regional Complaints Processing Office. The employee who received the formal complaint at the Field Office returned it to Plaintiff, directing him to the statement in the September 8 notice that he was required to file his formal complaint with the proper office. (Dkt. # 83 Ex. 7.)

---

[2]The Court discusses Plaintiff's suggestion to the contrary *infra* at Part II.A.1.

On November 19, 2007, Plaintiff filed the Complaint underlying this action. (Dkt. # 1.) Plaintiff has since filed a First Amended Complaint, in which he makes three claims for relief: count one, age, race, and religious discrimination in violation of the Age Discrimination in Employment Act ("ADEA") and Title VII of the Civil Rights Act of 1964 ("Title VII"); count two, retaliation, also in violation of the ADEA and Title VII; and count three, breach of the settlement agreement. (Dkt. # 10-1.) Defendant now advances a motion to dismiss counts one and three under Federal Rule of Civil Procedure 12(b)(1). (Dkt. # 63.)

**DISCUSSION**

**I. Legal Standard**

The defense of lack of subject matter jurisdiction may be raised by the parties. Fed. R. Civ. P. 12(b)(1). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* A district court is not limited to considering the allegations in the pleadings so long as the "jurisdictional issue is separable from the merits of [the] case." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). In such cases, the court is "free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).

**II. Analysis**

Here, Defendant mounts a factual attack on the existence of subject matter jurisdiction as to count one, arguing that the evidence demonstrates that Plaintiff did not exhaust administrative remedies. The jurisdictional issue is fully separable from the merits of the case (which involves underlying claims of discrimination, retaliation, and breach of a settlement agreement), and therefore the Court is free to consider the extensive extrinsic

evidence offered by both parties and to resolve factual disputes. Defendant mounts a facial attack as to count three, making pure arguments of law, and thus the Court will not consider extrinsic evidence for that count.

### A. Count One

Defendant argues that count one (age, race, and religious discrimination) must be dismissed because Plaintiff failed to exhaust his administrative remedies. (Dkt. # 63 at 4-6.) Discrimination claims under both Title VII and the ADEA are subject to Equal Employment Opportunity Commission ("EEOC") exhaustion regulations. *Belgrave v. Pena*, 254 F.3d 384, 386 (2d Cir. 2001). To exhaust administrative remedies, a plaintiff is required to file a formal complaint within fifteen days of receiving notice that allegations of discrimination cannot be informally resolved. 29 C.F.R. § 1614.106(b). For the following reasons, Plaintiff did not meet this requirement.

#### 1. Plaintiff did not properly file a formal complaint.

There is no real dispute that Plaintiff failed to timely and properly file a formal complaint. The USPS sent Plaintiff his Notice of Final Interview/Notice of Right to File Individual Complaint on September 8, 2006. (Dkt. # 80 Ex. 16.) Under the Ninth Circuit's mailing rule, Plaintiff is presumed to have received this letter three days later. *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1122-25 (9th Cir. 2007). Plaintiff does not attempt to rebut this presumption. Plaintiff then had fifteen days to file a formal complaint. 29 C.F.R. § 1614.106(b). Plaintiff mailed nothing until October 19, 2006, roughly three weeks after the fifteen-day period expired. Regardless of what the opinions of USPS personnel on the subject may be, Plaintiff did not satisfy this statutory mandate.

Moreover, when Plaintiff eventually filed a formal complaint, he sent it to the Field Office, not the regional Complaints Processing Office, despite the explicit instructions in the USPS notice that the formal complaint "must be filed" with the Complaints Processing Office "only" and that any formal complaint sent to the Field Office "will be returned to the complainant." (Dkt. # 80 Ex. 16.) Plaintiff suggests that employees at the Field Office had the obligation to forward his formal complaint to the Complaints Processing Office, but he

offers no authority to support that assertion. To the contrary, the regulations specifically provide that federal agencies have the authority to designate "the appropriate official with whom to file a complaint" if a dispute is not resolved at the informal stage. 29 C.F.R. § 1614.105(d). Here, Plaintiff was specifically informed of where and when he needed to send his formal complaint and of the consequences of failing to do so. (Dkt. # 80 Ex. 16.) Plaintiff failed to properly submit his formal complaint, and he cannot now escape the consequences of his noncompliance.

Plaintiff also suggests, in a footnote of his response, that a formal complaint was filed with the Complaints Processing Office. He states: "A formal complaint was also mailed in as reflected in SOF Exhibit 19. The signed copy or receipts of this mailing have not been located." (Dkt. # 82 at 6.) The Court construes this as an argument that Plaintiff did, in fact, submit a formal complaint to the correct office.

Exhibit 19 does not appear to be the exhibit to which Plaintiff intended to refer, as it is signed and involves an unrelated matter (the changing of Plaintiff's days off from Sunday/Monday to Monday/Tuesday). (*See* Dkt. # 80 Ex. 19.) Rather, Plaintiff seems to be referring to Exhibit 18, which purports to be a cover letter from Plaintiff's attorney regarding the formal complaint at issue here. It is unsigned and unaccompanied by any evidence of mailing. (Dkt. # 80 Ex. 18.) This purported cover letter is dated October 19, 2006, appears to be addressed to the regional Complaints Processing Office, and states that Plaintiff's formal complaint is "enclosed" and "submitted within the time limit applicable to this matter." (*Id.*)

The Court, pursuant to its authority to resolve factual disputes, *see Augustine*, 704 F.2d at 1077, will not conclude from this exhibit that Plaintiff filed a formal complaint with the Complaints Processing Office. As Plaintiff acknowledges, there is no signature, mailing certification, or other information to confirm that this cover letter is what it purports to be. Plaintiff fails to offer even an affidavit (from himself or his attorney) supporting the authenticity of this cover letter. Defendant, on the other hand, has submitted an affidavit

attesting that no such formal complaint was ever received by the Complaints Processing Office. (Dkt. # 63 Ex. 3 at 3.)

Indeed, neither Plaintiff nor his attorney ever actually states that this cover letter was timely mailed to the Complaints Processing Office along with Plaintiff's formal complaint. Rather, the mailing is curiously described as being "reflected in" the exhibit. (Dkt. # 82 at 6 n.10.) Such a statement is not a sufficient basis for the Court to draw the factual conclusion for jurisdictional purposes that the formal complaint was actually sent to the Complaints Processing Office.

Finally, Plaintiff's attorney states in the purported cover letter: "Mr. Camper has retained me as his representative in this matter. Please direct all communication to my office. Please contact my office if any additional information is needed." (Dkt. # 80 Ex. 18.) Yet, *on the very same date* as this purported cover letter, Plaintiff *himself* submitted and *himself* mailed his formal complaint to the Field Office. (Dkt. # 80 Ex. 17.) This fact seems inconsistent with the notion that Plaintiff's attorney was representing Plaintiff and handling his complaint at that time. Indeed, under the regulations, the USPS is required to be "informed *immediately* if the complainant retains counsel or a representative." 29 C.F.R. § 1614.105(d) (emphasis added). However, that does not appear to have occurred by October 19. For example, on the October 19 complaint sent to the Field Office, Plaintiff was directed to provide the name, address, and contact information of any designated representative that he had. (Dkt. # 80 Ex. 17.) Plaintiff left those fields blank. (*Id.*) The Court therefore declines to find that this cover letter is what Plaintiff suggests. For these reasons, the Court finds that the formal complaint was not mailed to the proper office.

In any event, any such formal complaint would still be untimely. Even though the cover letter states that it was "submitted within the time limit applicable to this matter," the actual date on the letter is October 19, 2006. (Dkt. # 80 Ex. 18.) As explained above, this would not be within fifteen days of receipt of the Notice of Final Interview/Notice of Right to File Individual Complaint, which was mailed to Plaintiff on September 8, 2006.

**2.** **Plaintiff was not exempt from filing a formal complaint.**

Plaintiff also argues that he was not required to file a formal complaint on his underlying charges of discrimination. Plaintiff's argument on this point is not entirely clear, but he appears to be asserting that the matter should have been handled through a second informal complaint. (*See* Dkt. # 82 at 6.) For that proposition, Plaintiff cites 29 C.F.R. § 1614.504, which provides the regulatory framework for contesting breaches of settlement agreements. That section states that "[a]llegations that subsequent acts of discrimination violate a settlement agreement shall be processed as separate complaints," rather than through the breach procedures. 29 C.F.R. § 1614.504(c). From this, Plaintiff apparently concludes that he was not required to file a formal complaint because he filed a second informal complaint.

That conclusion is incorrect. Under this section, only *subsequent* acts of discrimination would be processed as part of a separate complaint; the regulations do not provide that the claim of discrimination that was the subject of his settlement agreement, and for which he now sues, would again be processed through a second informal complaint. In any event, Plaintiff's second informal complaint (filed on July 1, 2006) made no allegations of subsequent acts of discrimination. (*See* Dkt. # 80 Ex. 12.) Rather, it only alleged breach of the settlement agreement: "I was notified that the Level 19 positions had been filled. This violates the EEO settlement I have, dated 6-6-06, that guaranteed I would be in the packet for selection for these level 19 jobs." (*Id.*) Because this document does not make "[a]llegations that subsequent acts of discrimination violate a settlement agreement," Plaintiff was not entitled to proceed on a separate complaint. 29 C.F.R. § 1614.504(c).

Plaintiff also states that, pursuant to section 1614.504(a), he had the right to request that the terms of the settlement agreement be specifically implemented or that the complaint be reinstated. (Dkt. # 82 at 3.) However, reinstatement of the first informal complaint is precisely what occurred. In any event, Plaintiff seems to be arguing that Defendant's employees failed to properly process his claims according to the breach procedures in section 1614.504. Plaintiff fails to explain how that would save his original discrimination claims, which are not claims for breach of a settlement agreement. Even assuming that it could, and

1  even assuming that Plaintiff's second informal complaint constituted the notice to "the EEO
2  Director" required by section 1614.504(a),[3] Plaintiff would still be incorrect. Under the
3  breach procedures, the USPS's August 28 Letter of Determination would constitute the
4  required written response, giving Plaintiff thirty days to appeal to the EEOC. 29 C.F.R. §
5  1614.504(b). Even assuming that Plaintiff's formal complaint constituted that appeal, it was
6  filed on October 19, which is more than thirty days later. In short, no matter how Plaintiff's
7  arguments about section 1614.504 are construed, they do not afford him relief.

For all these reasons, Plaintiff failed to exhaust administrative remedies as to count one. That count is therefore dismissed.

### B.  Count Three

Defendant makes two challenges to count three (the breach of settlement agreement claim). First, Defendant argues that this count is barred by sovereign immunity. (Dkt. # 63 at 6-7.) Second, Defendant argues that Title VII does not vest federal courts with jurisdiction over claims for breach of a settlement agreement. (*Id.* at 8-10.) Defendant supports these arguments with legal reasoning and authority, which is facially persuasive to the Court. *See, e.g.*, *Frahm v. United States*, 492 F.3d 258, 262-63 (4th Cir. 2007) (finding that the government's statutory waiver of sovereign immunity did not extend to a monetary claim for the government's breach of a Title VII settlement agreement and further holding that the federal regulations specifically limit remedies for breach of such a settlement agreement to requesting specific implementation of the agreement or reinstatement of the original discrimination claim).

Plaintiff, however, fails to respond to Defendant's arguments. All Plaintiff offers is the statement that because his "rights and remedies" were "thwarted or denied at the administrative level, they remain within the district court's jurisdiction." (Dkt. # 82 at 7.)

---

[3]The Court has considerable doubts about such a proposition, as this document was addressed to the EEO Field Office. *See Sanders v. Reno*, 186 F.3d 684, 685 (5th Cir. 1999) ("We reject Sanders' contention that his counsel's letter constitutes substantial compliance. That letter was not addressed to the EEO Director . . . .").

1 Plaintiff supports this sentence with a string citation to various cases, all of which are either unpublished, no longer good law, easily distinguishable, or actually supportive of Defendant's argument. Plaintiff provides no explanation or argument regarding any of these cases.

This Court will not lawyer the issue for Plaintiff. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929-30 (9th Cir. 2003) (pointing out that "[o]ur circuit has repeatedly admonished that we cannot manufacture arguments [for a party]," that "we review only issues which are argued specifically and distinctly," and that "[w]e require contentions to be accompanied by reasons"). The Court's local rules require that Plaintiff's memorandum be "responsive" to Defendant's motion, LRCiv 7.2(c), and the local rules further caution that a party's failure to comply with that rule "may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily," LRCiv 7.2(i).

Here, Plaintiff has had over four and a half months to respond to Defendant's motion, including the various extensions the Court has granted him. During that period, Plaintiff found the time to assemble and submit hundreds of pages of transcripts, exhibits, and other documents, almost all of which are completely irrelevant to the pending motion to dismiss. Yet Plaintiff's response memorandum is only eight pages long – which is less than half of his allotted page limit – and most of the memorandum is devoted to a preliminary statement and factual overview. In short, Plaintiff has had ample time, space, and opportunity to properly respond to Defendant's legal arguments regarding count three. He has not done so. The Court deems this failure to properly respond as consent to the granting of the motion on this point, and count three is therefore dismissed.

## CONCLUSION

Plaintiff has failed to exhaust administrative remedies as to count one, and Plaintiff has failed to properly respond to the motion to dismiss on count three.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Dkt. # 63) is **GRANTED**.

**IT IS FURTHER ORDERED** that counts one and three are **DISMISSED**.

DATED this 26th day of August, 2009.

_____
G. Murray Snow
United States District Judge